NISSON FRANK *vs.* HENRY C. MILLER and THEODORE K. MILLER.

*Statute of Frauds—Memorandum insufficient to satisfy the Fourth Section of the Statute of Frauds.*

A suit was brought upon an agreement alleged to have been made by the defendant to pay to the plaintiffs the amount of two promissory notes of K. & Co., each for the sum of $191.37, payable the one at six and the other at nine months after date, to D. M. & Co., of which firm the plaintiffs were the surviving partners, provided the plaintiffs would divide the amount of the debt into four notes, at three, six, nine and twelve months respectively, the same to be signed by K. & Co., and endorsed by the defendant. The four notes were accordingly prepared and given to the defendant, who sent them to K. & Co. to be signed by them, but they were never returned. At the trial the plaintiffs offered in evidence as a sufficient memorandum of the agreement, under the fourth section of the Statute of Frauds, to charge the defendant, the following paper writing signed by him, and by him sent to the plaintiffs: "*If you will make it in 4 notes, 3, 6, 9, 12, I will settle them; 2 notes due.*" "*Frank.*" It was admitted that, according to mercantile usage in Baltimore, the figures 3, 6, 9, 12, in the memorandum meant three months, six months, nine months and twelve months. The plaintiffs offered in evidence the two notes of K. & Co., and sought to show by parol proof that said notes were the subject-matter referred to in the memorandum. HELD:

That the memorandum was altogether insufficient under the Statute of Frauds to prove the alleged agreement, and the two notes of K. & Co. offered in evidence and the parol testimony, were alike inadmissible to supply its defects.

A contract required by the Statute of Frauds to be in writing, cannot be partly in writing and partly in parol.

APPEAL from the Superior Court of Baltimore City.

This suit was brought by the appellees, surviving partners of the firm of Daniel Miller & Co., against the

appellant. The plaintiffs, in addition to the money counts, declared as follows :

6. For that, whereas, on or about the 18th of February 1871, certain parties, trading at Selma, Alabama, as Katzenberg & Co., were justly and *bona fide* indebted to said plaintiffs on two promissory notes, for $191.37 each, dated on the 13th day of May, 1870, drawn in favor of Daniel Miller & Co., and payable six and nine months after date respectively, at the National Exchange Bank of Baltimore ; the said defendant, in consideration that the said plaintiffs agreed to divide said debt in four notes, at three, six, nine and twelve months, by an agreement in writing, signed by himself, promised and contracted to settle them. That giving faith and credit to the said promise of the said defendant, in form aforesaid made, they did divide said debt into four notes, as aforesaid, but said defendant has altogether refused to pay said notes when they respectively matured, and does still refuse to pay them.

7. For that, whereas, certain parties, trading at Selma, Alabama, as Katzenberg & Co., were justly and *bona fide* indebted to said plaintiffs in the sum of $382.74, on two promissory notes for $191.37 each, drawn by said Katzenberg & Co., on the 13th day of May, 1870, in favor of Daniel Miller & Co., payable, respectively, six and nine months after date, at the National Exchange Bank of Baltimore, which were not paid at maturity ; and afterwards, to wit, on or about the 18th of February, 1871, the said two promissory notes being then still due and unpaid, the said defendant, in consideration that the plaintiffs agreed to divide said debt into four notes, payable, respectively, in three, six, nine and twelve months, agreed in writing, signed by himself, to settle them ; whereupon the said plaintiffs did divide said debt into four notes, by drawing four notes, dated on or about said 18th of February, 1871, drawn in favor of said

defendant, the signature of the maker being left in blank, to be signed by said Katzenberg & Co., and that said plaintiffs delivered said notes, drawn in manner aforesaid, to said defendant, to be signed by said Katzenberg & Co., and endorsed by said defendant, and to be returned to said plaintiffs; whereupon said defendant then stated, and at divers times since has stated, his assent to the form in which said notes were drawn, and then and there, and at divers times afterwards, promised that said notes should be signed and endorsed as aforesaid; and said four notes were never returned to said plaintiffs; and when they became due and payable, according to their said tenor and effect, although payment was then and at divers times since has been demanded, were not paid, nor have they, or any of them, yet been paid by said Katzenberg & Co., or by any one for them.

8. For that, in consideration that the plaintiffs would forbear to levy an attachment on the goods of Katzenberg & Co., of which the defendant claimed to have control by bill of sale or otherwise, for two notes due by Katzenberg & Co. to the plaintiffs, both dated May 13, 1870, payable in six and nine months after date respectively for $191.37, each payable to the order of the plaintiffs, the defendant promised the plaintiffs to settle said debt, provided the said plaintiffs would divide said debt into four notes, which the plaintiffs accordingly did, but the said defendant has not paid said debt or any part thereof.

The defendant pleaded that he never was indebted, and never promised as alleged; and issues were joined.

*Exception.*—The plaintiffs offered the following prayers:

1. If the jury believe from the evidence that certain parties, trading at Selma, Alabama, as Katzenberg & Co., were indebted to the plaintiffs in this cause in the sum of $382.74, on the two promissory notes for $191.37 each, given in evidence, and that the defendant in this cause, by an agreement in writing, signed by himself,

contracted to settle said debt, on condition that the said plaintiffs should divide said debt into four promissory notes, at three, six, nine and twelve months respectively; and if they further believe from the evidence, that the plaintiffs did divide said debt into said four notes, and neither the said Katzenberg & Co., nor said defendant, nor any one for them or him, has paid the debt represented by said four notes, or any part thereof, then their verdict must be for the plaintiffs.

2. If the jury believe from the evidence that Katzenberg & Co., were indebted to the plaintiffs on the two promissory notes given in evidence, and that the plaintiffs applied to the defendant for the payment thereof, and threatened, if they were not paid, to levy an attachment on certain goods which Katzenberg & Co. had, by bill of sale, conveyed to the defendant, and that, for the purpose of preventing such attachment, the defendant agreed, if plaintiffs would divide the debt represented by said two notes into four notes, at three, six, nine and twelve months respectively, to settle them, and that the plaintiffs divided said debt into four notes as aforesaid, and delivered the same to the defendant, but defendant has not paid the same, or any part thereof, and that Katzenberg & Co. have not paid said two promissory notes due by them, or any part thereof, then the plaintiffs are entitled to recover.

And the defendant offered the following prayers:

1. That the memorandum mentioned in the evidence in this case is not a sufficient memorandum, under the Statute of Frauds, to enable the plaintiffs to recover.

2. If the jury believe from the evidence in the cause, that the agreement referred to was an engagement on the part of the defendant simply to endorse and not to obtain the signature of the makers to the four notes mentioned in evidence, and the said defendant has always been willing and ready to endorse the said four notes,

but has been prevented by the failure of the said Katzenberg & Co. to sign said notes, that then the verdict must be for the defendant.

3. That if the jury believe from the evidence that the engagement of the defendant was to endorse the said four notes, and the defendant has failed to comply with his engagement, that then they can find only such damages as the said plaintiffs have actually suffered, and only that which has been proved.

4. That there is no evidence in the cause legally sufficient to enable the plaintiffs to recover under any one of the counts in the declaration, and the verdict of the jury must therefore be for the defendant.

The Court, (DOBBIN, J.,) granted the prayers of the plaintiffs and rejected those of the defendant. The 'defendant excepted. The jury rendered a verdict for the plaintiffs for $407.34, and judgment was entered accordingly. The defendant appealed.

The cause was argued before BARTOL, C. J., STEWART, BOWIE, MILLER and ALVEY, J.

*M. R. Walter,* for the appellant.

The appellant's first prayer should have been granted. The memorandum in this cause is not such a one as is required by the Statute. It must contain all the essentials to a complete agreement, viz: the *subject-matter,* the *parties,* the *terms* and the *consideration,* and these must be expressed so *clearly, definitely,* and with *such certainty* that it may be understood without recourse to parol to show the intention of the parties. *Browne on Stat. of Frauds,* sec. 371; 2 *Kent's Com.,* (*marg.,*) 511; *Nichols vs. Johnson,* 10 *Conn.,* 198; *Bailey & Bogert vs. Ogden,* 3 *Johns.,* 419; *Salmon Falls Manuf. Co. vs. Goddard,* 14 *Howard,* [*U. S.,*] 454; *Adams vs. McMillan,* 7 *Porter,* [*Ala.,*] 80, 81; *Blair vs. Snodgrass,* 1 *Sneed,* [*Tenn.,*] 25;

*Sherburne vs. Shaw,* 1 *N. H.,* 129; *Parkhurst vs. Van Cortlandt,* 1 *John. Ch.,* 278.

And not only must the names of the parties appear in the writing, but the writing itself, must *clearly* disclose the character in which they appear, whether as promisor or promisee, as vendor or vendee, &c. *Vandenbergh vs. Spooner,* 1 *Law Reports,* [*Exchequer,*] 316; *Williams vs. Lake,* 1 *Law Times,* [*N. S.,*] 57; *Sherburne vs. Shaw,* 1 *N. H.,* 160, 161; *Browne on Stat. of Frauds, secs.* 372, 374; *Bailey & Bogert vs. Ogdens,* 3 *John.,* 419; *Salmon Falls Manuf. Co. vs. Goddard,* 14 *How.,* 458-9-60; *Carregan vs. Richards,* 15 *Law Reporter, N. S.,* 252.

The memorandum offered by the appellees in evidence fails to fulfil these requirements. It is extremely *indefinite and obscure.* It is impossible to ascertain from the paper to whom the promise was made, or that Katzenberg & Co. had anything to do with the transaction. The names of Daniel Miller & Co. (the appellees,) and Katzenberg & Co. do not appear in any part of the writing. There is nothing to indicate the subject-matter. It is utterly impossible to ascertain what is meant, and no effect can therefore be given to the paper. The *entire* agreement, or memorandum of the agreement must *be in writing,* and no paper can be introduced as a part of the memorandum, unless there is a *reference in the memorandum* to such paper, and this reference must be *express.* *Blair vs. Snodgrass,* 1 *Sneed,* (*Tenn.,*) 26, 27; *Boydell vs. Drummond,* 11 *East.,* 156, 157, 158; *Salmon Falls M. Co. vs. Goddard,* 14 *How.,* 456, 458; *Browne on Statute of Frauds, sec.* 375; *Sanborn vs. Flagler,* 9 *Allen,* 477; *Taney vs. Bachtell,* 9 *Gill,* 210, 211; 2 *Kent's Com.,* 511, (*marg.*)

The reference must be so clear that there will be no possibility of one paper being substituted for another. *Waul vs. Kirkman,* 27 *Miss.,* (5 *Cush.,*) 828, 829; 1 *Sugden on Vendors,* 111, (*sub-sect.* 32,) *Edition* 1857; *Jacob*

*vs. Kirk*, 2 *Moo. & Rob.*, 224 ; *Stocker vs. Partridge*, 2 *Rob.*, (*N. Y.*,) 204, 205 ; *Williams vs. Lake*, 1 *Law Times*, (*N. S.*,) 57.

Parol testimony cannot be introduced to connect papers or supply defects. *Blair vs. Snodgrass*, 1 *Sneed*, (*Tenn.*,) 26 ; *Parkhurst vs. Van Cortlandt*, 1 *John. Ch.*, 279 ; *Freeport vs. Bartol*, 3 *Greenl.*, 345 ; *Hall vs. Soule*, 11 *Mich.*, 496 ; *Moale vs. Buchanan*, 11 *G. & J.*, 322.

The appellant's second prayer should have been granted. If, as the prayer sets forth, the engagement of Frank was to endorse, and not to obtain the signature of Katzenberg & Co. to the four notes, and the appellant was always ready and willing to comply with his undertaking, but was prevented by the failure of Katzenberg & Co. to give the notes existence by signing them, surely the defendant was not in fault, and the verdict of the jury in this event should have been for the appellant. The engagement of the appellant was a conditional one, and until Katzenberg & Co. had signed the notes, (which they did not and would not do,) they had no existence and there was nothing to endorse.

The appellant's third prayer should have been granted. Under the facts set out in this prayer, the appellees could only recover such damages as they had actually suffered thereby, and only those which had been proven. The question was, "*what damages had the appellees suffered by the breach of the contract to endorse,*" and not what additional benefits would have accrued to them had the appellant complied with his undertaking. *Moxon vs. Pulling*, 4 *Camp.*, 51.

The appellant's fourth prayer should have been granted. It is conceded that there was no evidence to entitle the plaintiffs to recover on the money counts. Under the 6th, 7th, and 8th counts the plaintiffs could not recover unless the evidence came within the requirements of the Statute of Frauds, and the only memorandum offered by the

plaintiffs was not sufficient. Besides, the evidence on both sides shows that the only undertaking of the appellant was to endorse the four notes and nothing more.

*Harry E. Mann* and *Geo. Wm. Brown*, for the appellees.

The memorandum required by the Statute of Frauds can be made complete by comparing and connecting together several writings. *Boydell vs. Drummond*, 11 *East.*, 142 ; *Owen vs. Thomas*, 3 *Myl. & Keene*, 353 ; *Brettel vs. Williams*, 4 *Wels., Hurl. & Gord.*, 623 ; *Jackson vs. Lowe*, 1 *Bing.*, 8 ; *Lee vs. Mahoney*, 9 *Iowa*, 344 ; *Moale vs. Buchanan*, 11 *G. & J.*, 314.

And this can be done even when the different writings do not refer one to another. *Salmon Falls Co. vs. Goddard*, 14 *How.*, 447 ; *McBlain vs. Cross*, 35 *L. T. Rep.*, 804 ; *Johnson vs. Dodgson*, 2 *M. & W.*, 653 ; *Allen vs. Bennett*, 3 *Taunton*, 169.

The paper-writing relied on in this case contained all the essentials required by the Statute of Frauds, under the strictest decisions, viz : Names of promisor and promisee ; subject-matter of contract, and consideration for promise. *Sherburne vs. Shaw*, 1 *N. H.*, 157 ; *Webster vs. Ela*, 5 *N. H.*, 540 ; *Bailey & Bogert vs. Ogden*, 3 *Johns.*, 399 ; *Sanborn vs. Flagler*, 9 *Allen*, 474 ; *Williams vs. Ketchum*, 19 *Wis.*, 231 ; *Reuss vs. Picksley*, 1 *Ex* , 342, (*Law Rep.*) ; *Simons vs. Steele*, 36 *N. H.*, 73 ; *Laing vs. Lee*, 1 *Spencer*, 337 ; *Lent vs. Padelford*, 10 *Mass.*, 236 ; *Packard vs. Richardson*, 17 *Mass.*, 122, 128 ; *Kershaw vs. Whittaker*, 1 *Brevard*, 9 ; *Brooks vs. Dent*, 1 *Md. Ch. Dec.*, 523 ; *Sloan vs. Wilson*, 4 *H. & J.*, 322 ; *Hutton vs. Padgett*, 26 *Md.*, 228 ; *Salmon Falls Co. vs. Goddard*, 14 *How.*, 447.

There was sufficient evidence in the case to justify the Court below in granting the appellees' second prayer, because it is for the Court to decide only upon the *admis-*

*sibility* of evidence, but the comparative *value* or *weight* of testimony is a question for the jury.　*Harlan vs. Brown*, 2 *Gill*, 475; *Smith vs. Walton*, 8 *Gill*, 77; *Atwell vs. Miller & Mayhew*, 6 *Md.*, 10; *Pegg vs. Warford*, 7 *Md.*, 582; *Spring Garden Mutual Ins. Co. vs. Evans, use of Riley*, 9 *Md.*, 1.

The appellant's promise was covered by the exception to the operation of the Statute of Frauds, that "wherever the main purpose and object of the promisor, is not to answer for another, but to *subserve some purpose of his own*, his promise is not within the Statute, although it may be *in form* a promise to pay the debt of another."　3 *Parsons on Contracts*, 24, 25, &c.; *Elder vs. Warfield*, 7 *H. & J.*, 391; *Jones vs. Hardesty*, 10 *G. & J.*, 404; *Andre vs. Bodman*, 13 *Md.*, 254; *Small vs. Schaefer*, 24 *Md.*, 161; *Myer & Ewaldt vs. Grafflin*, 31 *Md.*, 355.

The appellant's second and third prayers were properly rejected by the Court below, because they prayed the Court to allow a written agreement to be altered or contradicted by parol evidence, where no fraud had been alleged and proved.　1 *Greenleaf on Evidence*, 315; *Wesley vs. Thomas*, 6 *H. & J.*, 24; *Watkins vs. Stockett*, 6 *H. & J.*, 435; *Batturs vs. Sellers*, 6 *H. & J.*, 249; *Harwood vs. Jones*, 10 *Gill & J.*, 404; *Henderson vs. Mayhew*, 2 *Gill*, 393; *McElderry vs. Shipley, et al.*, 2 *Md.*, 25; *Farrell vs. Bean*, 10 *Md.*, 217; *Creamer vs. Stephenson*, 15 *Md.*, 211; *Williams vs. Woods, Bridges & Co.*, 16 *Md.*, 220; *Criss, et al. vs. Withers, Exc'r*, 26 *Md.*, 569, 570.

BARTOL, C. J., delivered the opinion of the Court.

This suit was brought by the appellees upon an alleged agreement made by the appellant to pay a debt due them from Katzenberg & Co., of Selma, Alabama.

The instructions given to the jury, by the Superior Court, at the instance of the plaintiffs, in granting their

two prayers, place their claim to recover on two alternative grounds.

*First.*—Considering the case within the 4th section of the Statute of Frauds, they maintain that the paper-writing signed by the defendant and sent by him to the plaintiffs, on the 18th day of February, 1871, is a sufficient *memorandum* of the agreement under the Statute.

*Second.*—That there is sufficient evidence in the case, to be submitted to the jury to establish an original promise binding on the defendant, made upon a consideration moving to him, and thus to take the case out of the Statute.    This last proposition arises on the second prayer of the plaintiffs.

*First.*—Treating the agreement as within the Statute, is it sufficiently evidenced by the writing relied on for that purpose?   It is as follows:

   "*If you will make it in 4 notes,* 3, 6, 9 *and* 12, *I will settle them; 2 notes due.*                    FRANK."

It is contended on the part of the plaintiffs that this is an agreement by the defendant to pay them the amount of two notes of Katzenberg & Co., dated the 13th day of May, 1870, each for the sum of $191.37, payable to Daniel Miller & Co., one in six, and the other in nine months after date ; provided the plaintiffs would divide the amount of the debt into four notes, payable respectively in three, six, nine and twelve months; to be signed by Katzenberg & Co., and endorsed by the defendant. So the agreement is stated in the *nar.* and in the plaintiffs' first prayer.

The Statute requires, in order to charge the defendant, that the "*agreement or some memorandum or note thereof shall* be in writing, signed by the party to be charged, or by some person thereunto by him lawfully authorized." That the writing here relied on, falls far short of the requirements of the Statute, seems to us to be too plain to

require argument or authority. It was admitted at the trial the paper was in the hand-writing of the defendant, and it was also admitted, that, "according to mercantile usage in Baltimore, the figures 3, 6, 9, 12, in the memorandum, mean three months, six months, nine months and twelve months." And it was proved that the paper was sent by the defendant to the plaintiffs on the 18th day of February, 1871. But this admission does not materially assist the plaintiffs' case; the memorandum is still left imperfect and altogether insufficient to prove the alleged agreement. Without referring to other defects, there is nothing on the face of the paper to indicate the subject-matter to which it relates; the names of Katzenberg & Co. are not mentioned, nor is there anything to show that it refers to any debt due by them to the plaintiffs. "2 notes due" might, for all that appears on the paper, as well refer to notes of the defendant, or of any other person, as of Katzenberg & Co., and might be made to bind the defendant with respect to any two notes, for any amount, if parol proof were admissible to supply such defects in the writing. It is only by parol proof the plaintiffs seek to show that the two notes of Katzenberg & Co., mentioned in the nar. were the subject-matter referred to. But such evidence is wholly inadmissible. A contract required by the Statute to be in writing, "cannot be partly in writing and partly in parol." Moale vs. Buchanan, 11 G. & J., 314. It is elementary law that "the contract must be stated with reasonable certainty, so that it can be understood from the writing itself, without having recourse to parol proof." 2 Kent, 511, m.

To supply the defects in the memorandum, and show the subject-matter of the contract, the plaintiffs offered in evidence the two notes of Katzenberg & Co., described in the declaration; but that was alike inadmissible; they are not signed by the defendant, nor in any manner binding upon him; no reference to them appears in the

*memorandum*, and it is impossible to connect them except by parol proof, and to allow that to be done, would be an evasion of the Statute, and would open the door to the very mischiefs the Statute was intended to prevent. This we take to be well settled, the law is so laid down by *Kent*, *vol.* 2, 511, and abundantly established by the authorities ; but it is not necessary to cite them, it was so decided in *Moale vs. Buchanan*, 11 *G. & J.*, 314–322.

There being no sufficient memorandum in writing to bind the defendant under the 4th section of the Statute of Frauds, the defendant's *first* prayer ought to have been granted, and it was error to grant the first prayer of the plaintiffs.

*Secondly.*—The plaintiffs by their second prayer endeavor to take the case out of the Statute, and maintain the liability of the defendant upon the theory, that his agreement was not merely a collateral one, but an original undertaking on his part, entered into upon a new or superadded consideration moving to himself, and thus to bring the case within the principle laid down in *Elder vs. Warfield*, 7 *H. & J.*, 392 ; *Andre vs. Bodman*, 13 *Md.*, 254 ; and *Small vs. Shaefer*, 24 *Md.*, 149, 161, 162.

Special exceptions were taken below to the granting of this prayer, on the ground that " there was no evidence in the cause, either of any such consideration for the agreement as therein mentioned, or of any such agreement as therein mentioned."

We think these exceptions were well taken. *Reeves*, the only witness who testifies on this subject says, that on the morning of the 18th February, 1871, he called on the defendant and threatened to attach the goods of Katzenberg & Co., which were held by the defendant under a bill of sale, if Katzenberg & Co's notes were not paid up. But he does not prove that any agreement was made by the defendant in consideration of forbearance ; on the contrary, he testifies expressly that no agreement of any

kind was made, before the memorandum was sent. But, we think the prayer is defective in not stating any new and valid consideration to support the alleged agreement. It does not state that there was any agreement on the part of the plaintiffs to forbear issuing an attachment; but merely submits to the jury to find that the defendant promised for the purpose of preventing it. Moreover, the prayer does not state that the plaintiffs had any legal right to maintain an attachment against property held by the defendant, for a debt due them by Katzenberg & Co. "The mere forbearance of a claim or demand before suit brought, which is not in fact a legal demand, is not of itself a sufficient consideration to support a promise." *Hartle vs. Stahl,* 27 *Md.,* 172. We refer also to *Wade vs. Simeon,* 15 *L. J.,* (*N. S.*) *Common Pleas,* 118, 119, to the same effect. We are of opinion that it was error to grant the plaintiffs' second prayer, both for the want of evidence to support it, and because of defects in the prayer itself.

Having decided that the two prayers of the plaintiffs were erroneously granted, it becomes unnecessary to consider the *second* and *third* prayers of the defendant. These rest upon the theory that the parol evidence in the cause, if it was admissible in connection with the written memorandum, shows that the engagement of the defendant was merely to endorse the four notes, after Katzenberg & Co. had them signed—not a contract to obtain their signature, or to pay them. In this view of the testimony, we think he is correct; but it is not material to consider this question, as we have decided that the two notes of Katzenberg & Co. offered in evidence, and the parol testimony, were alike inadmissible to supply the defects in the written memorandum required by the Statute.

Upon a consideration of the whole case, we are of opinion that there is no evidence legally sufficient to

entitle the plaintiffs to recover under any one of the counts in the declaration, and the defendant's *fourth* prayer to that effect ought to have been granted. The judgment will be reversed, without ordering a new trial.

*Judgment reversed.*

(Decided 2nd July, 1873.)