MAURICE E. STALLINGS *vs.* ALBERT GOTTSCHALK.

*Written Contract—Admissibility of Parol evidence to Prove a Collateral fact—Account in Bar—Evidence—Original entries.*

While it is not competent for a party to prove an oral agreement contradictory of or inconsistent with the written contract, any collateral, independent fact, about which the written agreement is silent, can be given in evidence.

Where an account in bar has been properly pleaded by the defendant, and issue joined thereon, and the claims are mutual, of the same kind and quality, and the amount clearly ascertainable, proof of such account in bar offered by the defendant is admissible.

A declaration contained the common counts, and a special count for money due on a contract between the plaintiff and defendant in reference to the managment of a grocery, liquor, and provision business. The defendant pleaded never indebted, payment, and set-off, and filed an account in bar. At the trial the defendant testified that he kept an account of the expenses incurred in the business. The book of original entries, in the hand-writing of the defendant, was produced and offered in evidence by the defendant. On objection it was HELD:

That the book was admissible for the purpose of refreshing the memory of the witness, but was not admissible as a book of original entries. they having been made by the defendant himself.

APPEAL from the Circuit Court for Prince George's County.

The case is stated in the opinion of the Court.

*First Exception.*—Stated in the opinion of the Court.

*Second Exception.*—The defendant further offered to prove by himself the correctness of the charges and

expenses stated in the account in bar filed in this case, and that the same were incurred and paid by the defendant out of his own money, about the business of the plaintiff, and out of which grew in part the indebtedness sued for in this case, and by authority of the plaintiff, but this offer and all evidence to sustain or prove the account in bar was objected to by the plaintiff's attorneys as inadmissible in this case. The Court (BROOKE, J.,) sustained the objection, and refused to permit the witness to testify as to the account in bar, or to allow any evidence to be given as to the same, and further ruled that the account in bar could not be considered in this case. The defendant excepted.

*Third Exception.*—Counsel for the defendant, asked defendant if he kept an account of the expenses incurred by him by authority of plaintiff in conducting the business of Albert Gottschalk, mentioned in said contract and growing out of same, other than those named in the account in bar, he said he did. Witness was then handed a book, and was asked if that was the book containing such accounts. He said it was, and was the book of original entries, the charges were correct, and in his hand-writing. The book was then handed plaintiff's attorneys for examination. The defendant then offered to put that portion of the book in evidence containing said account, to show amount and character of said expenses as charged therein, but the Court upon objection overruled said offer, and refused to allow said portion of the book to be given in evidence, or witness to speak of its contents. The defendant excepted.

*Fourth Exception.*—The plaintiff then offered the three following prayers:

1. If the jury believe that the plaintiff and defendant signed the contract under seal, offered in evidence, dated July 10, 1888, and that the plaintiff performed his part of the same by furnishing the groceries, provisions,

liquors, &c., specified therein, as well as all other parts of said contract to be on his part performed, and if they believe that the defendant in pursuance of said contract, took possession of the store and dwelling property in Upper Marlboro', and carried on the business connected with the same; and if they further find that the plaintiff paid or caused to be paid all the articles charged in the bill of particulars, and allowed the defendant all his proper credits as shown in the same, then their verdict must be for the plaintiff for the balance shown to be due by the defendant to the plaintiff on said bill of particulars.

2. That in making up the verdict the jury cannot take into consideration the account in bar filed by the defendant, the same having been excluded by the Court, and all evidence connected with it.

3. If the jury find the facts stated in the plaintiff's first prayer, they are not at liberty to consider parol testimony of any collateral agreement between the plaintiff and defendant in regard to the credits claimed by him for money expended for political or other purposes, unless they further find that the plaintiff authorized or requested the defendant to do so, the said expenditure of money and credits claimed by the defendant not growing out of or being embraced in said contract signed by the plaintiff and defendant.

The defendant offered three prayers which were rejected; but inasmuch as the objection to their refusal was abandoned on the appeal, they are not inserted.

The Court granted the prayers of the plaintiff, and rejected those of the defendant. The defendant excepted, and, the verdict and judgment being against him, he appealed.

The cause was argued before ALVEY, C. J., ROBINSON, BRYAN, FOWLER, PAGE, ROBERTS, MCSHERRY, and BRISCOE, J.

*George C. Merrick,* for the appellant.

*Charles H. Stanley,* and *C. C. Magruder,* (with whom was *Joseph S. Wilson,* on the brief,) for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This is an action of *assumpsit* by the appellee against the appellant. The declaration contains the common counts for money lent, for money had and received, for money found due plaintiff on account stated, and a special count for money due the plaintiff by the defendant on a contract between them in reference to the management of a grocery, liquor and provision business in the town of Upper Marlboro', Maryland. There was filed with the declaration a bill of particulars showing the nature of the plaintiff's demands. The defendant pleaded never indebted, payment, set-off, and filed an account in bar. The questions for our consideration are presented upon exceptions to certain testimony and to the prayers. The objection to the plaintiff's third prayer, and to the rejection of the defendant's prayers, was waived and abandoned. It appears by the first bill of exception that the defendant proved that the business under the original contract between them had been greatly enlarged by parol agreements from time to time, including that of hotel keeping and others; that heavy expenses had been incurred by the defendant in conducting for the plaintiff, these various occupations, out of which a part of the indebtedness sued for in the case arose; that the net cash from these various pursuits including the liquor, provision and grocery business, specifically mentioned in said contract, had been remitted to the plaintiff; that the articles charged to defendant in the bill of particulars were furnished to carry on in part the business; that a portion of these expenses the

defendant paid with part of the proceeds of sale of goods charged to defendant in the bill of particulars, and a portion he paid with his own private funds, and that all of this was with the knowledge and authority of the plaintiff, who had made a verbal agreement about these expenses. The defendant then offered to prove the agreement, but upon objection the Court refused to allow this proof. This testimony we think was clearly admissible. It is well settled that it is not competent for a party to prove an oral agreement contradictory of or inconsistent with the written contract, but any collateral, independent fact, about which the written agreement is silent can be given in evidence. In this case the written contract had terminated by limitation, while the claim sued upon covered in part a period of three years. The parol evidence offered would not have contradicted the writing, but merely proved a distinct collateral fact not inconsistent therewith. It was admissible under the decisions of this Court, in *McCreary vs. McCreary*, 5 *G. & J.*, 147; *Creamer vs. Stephenson*, 15 *Md.*, 221, and *Basshor & Co. vs. Forbes*, 36 *Md.*, 154.

There was also error in rejecting the evidence set out in the second and third bills of exception. It was entirely competent under the pleadings in the case for the defendant to prove his account in bar, and we cannot perceive upon what ground this evidence could have been rejected. The account had been properly pleaded and issue joined thereon. The claims were mutual, of the same kind and quality, and the amount was clearly ascertainable. The object of the law in allowing this plea is to prevent circuity of action, and to enable the parties to adjust in one suit claims which, at common law, could not be settled without two or more actions. 1 *Poe's Plead. & Prac.*, 613; *Sec. 13 of Art.* 75, *of the Code of Public General Laws.*

Stallings *vs.* Gottschalk.

It appears by the third bill of exceptions, that after the ruling of the Court, as above stated, the witness testified that he kept an account of the expenses incurred in the business. The book of original entries in the hand-writing of the defendant was produced and offered in evidence, but upon objection the book was excluded and all evidence of its contents. All we have to say in regard to this exception is, that the book which was offered in evidence was admissible for the purpose of refreshing the witness' memory. *Bullock vs. Hunter*, 44 *Md.*, 417. But so far as it was offered as a book of original entries, it was not admissible, because the entries were made by the party himself. *Romer vs. Jaecksch*, 39 *Md.*, 589, *and authorities there cited.* The first and second prayers of the plaintiff, we think, are disposed of by what has been said in reference to the bills of exception. The first prayer was erroneous because it excluded from the jury all of the evidence except what was based upon the written contract. The second prayer should not have been granted because it excluded all consideration of the account in bar, and all evidence connected with it. The objections to the other prayers have been withdrawn and are not, therefore, before us. For the errors referred to, the judgment will be reversed, and a new trial awarded.

<div align="right">

*Reversed, and a
new trial awarded.*