# THE WESTERN UNION TELEGRAPH, COMPANY ET. AL. *vs.* ROBERT HOWARD RING.

*Evidence of Offer to Purchase Inadmissible to Prove Value of Property — Trespass—Damage Caused by Cutting Trees—Competency of Evidence as to the Value of Property and Amount of Damage.*

Evidence that a certain sum was offered for property is not admissible to prove the value of such property.

In an action of trespass to land caused by the cutting of shade and fruit trees, the plaintiff may offer evidence to show the depreciation in value caused by the trespass and the value of the property before the trespass ; but this value cannot be proved by evidence that a certain sum had been offered for the property or a part of it.

In an action against a telegraph company to recover damages for cutting trees on plaintiff's land, the plaintiff on cross-examination testified that he settled for $50. a suit against a telephone company for cutting trees on his land. The declaration in the suit against the telephone company, wherein $2,000. damages were claimed, was then read to him, and he was asked if the trees which the telephone company had cut down were of the value of $2,000. *Held*, that this question was incompetent, the injuries complained of in that suit being different from those alleged in the present action.

When the suit is to recover damages for a trespass by the defendant, evidence as to injuries caused by the trespass of other persons is inadmissible.

In order to prove the amount of injury caused by the cutting of plaintiff's trees by a telegraph company, it is not competent for a witness, whether expert or not, to express his opinion or estimate of the amount of damage done in dollars and cents, or to testify as to his reasons for such estimate.

When the trespass complained of consisted in the cutting down of walnut trees a witness should not be allowed to testify as to the value of walnut trees unless it be first shown that he has knowledge of the subject.

Appeal from the Baltimore City Court (DOBLER, J.)

The cause was argued before McSHERRY, C. J., BOYD, SCHMUCKER, JONES and BURKE, JJ.

*Albert R. Stuart* (with whom was *W. Irvine Cross* on the brief) for the appellants.

*Howard Bryant* for the appellee, submitted the cause on his brief.

JONES, J., delivered the opinion of the Court.

This was an action of trespass *quare clausum fregit* brought by the appellee against the appellants. The *narr.* contained two counts. The first charged that the appellant corporations by their servants and agents "broke and entered a parcel of land in the possession and ownership of the plaintiff (appellee)   *   *   *   and dug up the ground, injuring shrubbery by cutting and otherwise mutilating the same which consisted of ornamental shade and fruit trees" ; and the second that the appellee was possessed of a parcel of land on which "there was growing valuable ornamental shade and fruit trees" and that "the defendants (appellants) by their agents and servants cut, bruised and injuried said trees wrongfully and maliciously". The defendants pleaded the general issue pleas and the case was tried before a jury.

In the course of the trial, as appears from the record, twelve exceptions were reserved to the rulings of the trial Court, Eleven of these relate to rulings upon questions raised as to admissibility of evidence and the twelfth to the

ruling upon the prayers. The fifth, sixth and twelfth exceptions were abandoned. The others will be considered and disposed of in their order in the record.

There was error in the ruling in the first exception. The plaintiff, after proof of his ownership of the premises trespassed upon and the cutting of trees growing thereon with a view to prove damages under the first count of his *narr.*, "offered to prove that he had an offer for a piece of this property upon which some of the trees were cut, and that when the purchaser came to close the bargain and found the trees had been cut he refused to take the property on account of the damages to the trees. He did not want that lot because the trees were cut and mutilated in that way;" and the Court, against the objection of the defendant allowed the proffered testimony to be given to the jury. The plaintiff under this count could only recover for damages resulting to his premises from the trespass, and as a measure of damage was entitled to show depreciation in value of the property by reason of the trespass and as a basis for showing a depreciation he could, by competent testimony, prove the value of the property before the trespass; but it was not competent to prove value by an offer of purchase. This seems to be according to all of the authorities. In 2 *Lewis on Eminent Domain* (2 ed.), sec. 446, it is said: "It is not competent for the owner to prove what he has been offered for his property, or what persons who have been looking for similar property were willing to give for it. * * * As a general rule offers for property cannot be proven." The reason for this is succinctly stated in *Fowler* v. *Co. Commrs. of Middlesex*, 6 Allen, 92–6, as follows: "The value of an offer depends on too many considerations to allow it to be used as a test of the worth of property." Among cases in point are *Whitney* v. *Thatcher*, 117 Mass. 523; *Woods* v. *Firemen's Ins. Co.*, 126 Mass. 316; *Watson* v. *Milwaukee, &c., R. R. Co.*, 57 Wis. 332; *Minnesota Belt Line Ry.* v. *Gluck*, 45 Minn. 463–4; *Louisville, &c., R. Co.* v. *Ryan*, 64 Miss, 399; *St. Joseph, &c., R. R. Co.* v. *Orr*, 8 Kan 419.

There was no error in the ruling in the second exception.

The plaintiff as a witness upon cross-examination had testified that in July, 1902, he brought a suit against the Chesapeake and Potomac Telephone Company for cutting trees on his property; that said company "claimed they had some sort of a paper and that is why he settled it;" and that he settled for $50. Counsel for defendants then read the declaration in said suit which claimed two thousand dollars damages, and proposed to ask the witness "were those trees which the Chesapeake and Potomac Telephone Company cut of the value of $2,000." Upon objection by plaintiff the Court refused to allow the question to be asked. The object of the defendant's counsel was to elicit testimony going to show that the damage to the trees for which the suit at bar was brought had been occasioned by the cutting of the trees by the Chesapeake and Potomac Telephone Company. The question asked would elicit nothing with respect to the fact of who had done the cutting of the trees involved in the present suit; and the damages laid in the declaration which was read to the witness was no fair test of his estimate of the damages sustained by him from the cutting involved in that suit. The amount was stated in the declaration without reference to its strict, or even approximate accuracy, most probably; and it is hardly to be supposed the witness was responsible for the statement of the *narr.* in that regard; or that it had been inserted as an expression of his judgment of the real damage sustained.

As far as appears from the record we can see no error in the rulings in the third and fourth exceptions. These exceptions were taken to the refusal of the Court to permit the questions therein set out to be asked. The object of the evidence sought to be elicited by the questions was the same as that referred to in disposing of the second exception, and the questions were asked of a photographer who had gone upon the scene of the trespasses in October, 1904, to obtain for the defendants pictures of the same. These pictures were exhibited in connection with his testimony and he was asked as indicated in the third exception "was there or not, an extensive cutting of the cedars around the wires running between the

larger poles of the C. & P. Telephone Co.?" and in the fourth exception, "state whether the wires running between the Chesapeake and Potomac poles did or did not run over the tops of the trees." The relevancy of the evidence here sought to be elicited, to the situation existing in 1902, the time of the alleged trespass here sued for is not perceived in the absence of anything to show or an offer to show the connection or relation between that and the situation in 1904, when the observation of the witness was taken.

There was error in the seventh and eighth exceptions with respect to the rulings therein set out. In the seventh exception a witness had testified that he knew the plaintiff's premises and the trees to which the suit had relation ; that he had seen the trees that had been cut—three walnuts and some cedars and that the trees had been injured by the cutting. In the seventh exception it appears he was then asked, "Give to the jury an estimate of the damage that was done to them ; whether they were your trees or the trees of anybody else;   *   *   *   what was the actual damage done to those trees by their being cut as you saw them." Against the objection of the defendants the witness was permitted to give in exact figures his estimate or judgment of the damage. It was the function of the jury to give this estimate or judgment. The witness could go no further than to give the facts within his knowledge that had caused injury and the fact that damage had resulted. This was ruled in *Balto. Belt. R. R. Co.* v. *Sattler*, 100 Md. 306. The ruling there was made as to the evidence offered through a witness examined as an expert—a class of witnesses forming an exception to the rule excluding opinion evidence—and it was said in the course of the opinion "strictly speaking perhaps, no witness whether expert or not should be allowed to draw from the facts the conclusion that the property is damaged, for the jury are quite as competent to do that as the witness. But we believe the practice in this State has been otherwise, and witnesses who are acquainted with the property and have observed the effects of the alleged tort have been generally allowed after giving the facts to the jury to

testify as to the fact of damage." Then, after saying that the object for which the jury is sworn, if they find there is damage, "is to find the extent of it measured in dollars and cents," it is said "to allow the expert to give such testimony not only puts him in the place of the jury but permits him to indulge in mere speculation. Witnesses who are competent for that purpose may testify to the value of the property before and after the alleged injury. But it by no means follows that the injury is the sole cause of the diminution if any exists. Whether it is or not, or to what extent, is for the jury and not the witnesses to determine." The opinion concludes as follows "it was error to have permitted experts to give their opinions as to the fact as well as to the exact amount of damage."

If therefore the evidence set out in the exception now under consideration was intended to be offered as from an expert witness nothing more needs to be said than that it is within the ruling of the case just cited. If the witness of whom the question objected to was asked was not intended to be qualified as an expert then evidence offered was not within the exception to the general rule which excludes opinion testimony—a rule, the limits of which, it is intimated in the opinion just cited, ought not to be enlarged, and which we may here say is a most salutary one in its operation as a restraint upon testimony which otherwise too often would be the result more of bias, recklessness of statement, and mere speculation than of judgment calmly and intelligently applied to relevant facts.

In the eighth exception the witness, having given his estimate of damage as $500 under the ruling last referred to, was asked to "tell the gentlemen of the jury how you (he) arrived at that?" and proceeded, not using the facts in the case as a basis of judgment, or making reference to such facts at all, to give as a basis of the opinion expressed, matters and considerations altogether speculative and hypothetical. The objection to this testimony should have been sustained.

The witness to whom the interrogatories embraced in the

seventh and eighth exceptions were put was further asked: "Do you know anything about the value of the walnut tree as a tree for wood or timber?" and answered "I do," and was then asked "what is that" and was permitted to state such value.   This question was objected to and forms the subject of the defendants' ninth exception.   The witness should have been interrogated further and required to show his knowledge of the subject of inquiry before being allowed to give the values he was asked about.

The rulings in the tenth and eleventh exceptions are disposed of by what has been said in respect to that in the seventh exception.   The question objected to and forming the subject of the tenth exception was, "now tell the gentlemen of the jury what was the sound value—what was the amount of damage done to the trees in money?   And that of the eleventh exception was "tell the gentlemen of the jury what was the actual damage they did in your opinion?"   Both of these questions were allowed and in this there was error for the reasons given in considering the seventh exception.

For the errors pointed out in the several exceptions the judgment below must be reversed.

> *Judgment reversed with costs to the appellants and new trial awarded.*

(Decided, January 10th, 1906.)