## ALBERT N. HORNER *vs.* ALFRED K. BEASLEY.

*Evidence—Contract Under Seal by Agent—Proof of Value of Property—
Measure of Damages for Breach of Contract to Sell Land.*

In an action against a principal for breach of contract made by his agent,
evidence that before the making of the contract the principal had
stated to a third party that the agent was authorized to act for him in
the premises, is admissible to prove the agency.

Evidence of negotiations between the parties prior to the making of a
written contract is not admissible in an action on the contract which
is itself the best evidence of the terms finally agreed upon.

When an agent authorized to make a simple contract on behalf of his
principal but not one under seal, does affix his seal to the contract,
such seal may be rejected as surplusage and an action of *assumpsit*
brought on the contract as one made by parol.

It is not competent to prove the value of property by evidence that a cer-
tain sum had been offered for it.

The value of a parcel of land may be shown by the evidence of a person
acquainted with the value of property in the vicinity, and who has
made an examination of the parcel in question.

In an action to recover damages for breach of a contract to sell land,
when the vendor's failure to perform was not willful or owing to his
bad faith, the plaintiff is entitled to recover only the amount of his de-
posit with interest and the expense, if any, incurred in the investigation
of the title. But if the vendor did not act in good faith, then, in addi-
tion to the amounts aforesaid, the plaintiff may recover the excess, if
any, of the market value of the property, at the time of the sale, over
the contract price.

*Decided February 14th, 1907.*

Appeal from the Superior Court of Baltimore (PHELPS, J.)

The cause was argued before BRISCOE, BOYD, PEARCE,
SCHMUCKER and BURKE, JJ.

*Julius H. Wyman* and *John L. V. Murphy*, for the appellant.

*William S. Thomas* (with whom were *N. Winslow Williams*
and *Henry W. Williams* on the brief), for the appellee.

SCHMUCKER, J., deliverd the opinion of the Court.

The appellee sued the appellant in the Superior Court of Baltimore City in *assumpsit*, for the breach of a contract for the sale to him of a house and lot, and recovered the judgment from which this appeal was taken.

It appears from the record that the appellant, Albert N. Horner, verbally authorized a Mrs. Sweeten, who was a real estate agent, to find a purchaser for a leasehold house and lot in Baltimore known as No. 2801 Parkwood avenue. On March 8th, 1902, the agent reported to Horner the sale of the property for $1,200 which he approved. A written contract for the sale at that price was then made between the agent and the purchaser who paid ten dollars on account of the purchase money. The contract was as follows:

"This Agreement, made this Eighth day of March, nineteen hundred and two, between Almira Sweeten, agent for Albert Horner, party of the first part, and Mr. Alfred K. Beasley, party of the second part.

Witnesseth, that the said party of the first part doth hereby bargain and sell unto the said party of the second part and the latter doth hereby purchase from the former the following described property, situate and lying in the city of Baltimore, State of Maryland, viz: No. 2801 Parkwood avenue, at and for the price of twelve hundred dollars ($1,200.00) of which ten dollars ($10.00) have been paid prior to the signing hereof, and the balance is to be paid as follows: on or before the 29th day of April, 1902.

And upon payment as above of the unpaid purchase money, a Deed for the property shall be executed at the Vendee's Expense by the Vendor which shall convey the property by a good and merchantable title to the Vendee.

Taxes, ground rent, water rent, and all expenses upon the property to be paid or allowed for by the Vendor to the date of sale, nineteen hundred and two.

Witness our hands and seals.

Almira Sweeten, (Seal.)
Test:　　　　　　　　　　　A. K. Beasley, (Seal.)
. George Sweeten.

March 10, 1902.

Received of Mr. Beasley ten (10) on house 2801 Park ave. on purchase money.

A. Sweeten."

Horner, although admitting the authority of Mrs. Sweeten to make the contract as his agent, refused to perform it upon the ground that the title to the property was involved in litigation.    He offered to return the $10 which had been paid on account of the purchase by Beasley but the latter refused to accept the money and brought the present suit for the breach of the contract.    The property in fact belonged not to Horner but to his wife, but he testified without contradiction that he controlled her property and she would have made a deed of the house in question at his request.

There are seven bills of exception in the record, six of which are from rulings on evidence and the seventh is to the Court's action on the prayers.

The first exception was to the admission of the testimony of Mrs. Beasley, the wife of the appellee, as to conversations between her and Horner and his agent, in reference to the proposed sale, had prior to the making of the written contract. The conversation with Horner related simply to the fact that he referred the witness to Mrs. Sweeten as his agent for the sale of the house saying that he would be satisfied with whatever she did.    That evidence was admissible to prove the agency.    The remainder of the witness' testimony related to conversations of the witness and her husband with the agent in reference to purchasing the house.    That portion of her evidence was clearly not admissible as the negotiations between the parties resulted in the making of the written contract of sale which furnished the best evidence of the terms of the sale. *Lazear* v. *Union Bank*, 52 Md. 78.

The second exception was to the admission in evidence of the testimony of the appellee to identify his signature to the contract, and the sixth exception was to the admission in evidence of the contract itself.    These two exceptions rest upon the proposition that, as the contract declared on is a simple one and the action is in *assumpsit*, the contract offered in evidence being under seal was not admissible to prove the cause of action.    It is undoubtedly true as a general rule that an *assumpsit*, which is the appropriate form of action for the recovery of

damages for the breach of a simple contract will not lie to recover damages for the breach of a contract under seal. Nor can, ordinarily, a contract under seal be made by an agent in exercise of an authority resting upon a simple contract. But where the sealed contract would be good as a simple one it will not be rendered invalid by the presence of the seal which may be rejected as surplusage and the contract treated and sued upon as a simple contract. This is especially true where the principal has recognized or ratified the contract which had been made by his agent. *Wagner* v. *Watts*, 44 N. J. Law, 127; *Topley* v. *Butterfield*, 5 N. Y. 515; *Adams* v. *Power*, 52 Miss. 828; *Ingraham* v. *Edwards*, 64 Ills. 526; *Love* v. *S. N. L. Water Co.*, 32 Calif. 639; *Mechem on Agency*, sec. 95; *A. & E. Ency. of Law*, vol. 1 (2 ed.) p. 953; 4 *Cyc.*, 325; *Jones* v. *Horner*, 60 Pa. 214.

An inspection of the contract in the case before us shows that it does not profess to have been sealed by or on behalf of the principal but by the agent, Almira Sweeten, with her own seal. She had no adequate authority to bind her principal by a sealed contract and if she had attempted to do so the seal affixed by her would have been valueless and could have been treated as surplusage and disregarded. *A fortiori* her own seal appended to her signature to the contract can be treated as surplusage.

The third, fourth and fifth exceptions bring up for review the action of the lower Court in admitting certain testimony touching the value of the property as a basis for estimating the plaintiff's damages. The appellee testified, subject to exception, that, on the night of the day on which he secured the contract, John Wieman had offered him an advance of six hundred dollars on the property. John Wieman, when asked what in his judgment was the value of the property in March, 1902, answered, subject to exception, "at that time I would have given $1,800 for it." Francis Miller testified, subject to exception, that in March, 1902, after carefully examining the property, he offered on behalf of a building association to make a loan on it of $1,200 or two-thirds the value." "He thought the

property was worth $1,800 to $2,000." The appellant made separate motions to strike out the testimony of the three witnesses which had thus been admitted subject to exception but the Court refused the motions and the appellant excepted to each refusal.

The Court erred in admitting the testimony of the appellee and Wieman, which formed the subject of the third and fifth bills of exception for it was not competent to prove the value of the property by evidence of specific offers to purchase it. We held that to be the law as recently as in *Western Union Tel. Co.* v. *Ring*, 102 Md. 679, where we said "This seems to be according to all of the authorities. In *Lewis on Eminent Domain*, (2nd ed:) sec. 446, it is said, 'it is not competent for the owner to prove what he has been offered for his property or what persons who have been looking for similar property were willing to give for it   *   *   *   As a general rule offers for property cannot be proven.' The reason for this is succinctly stated in *Fowler* v. *Co. Commrs. of Middlesex*, 6 Allen, 92-6 as follows: 'The value of an offer depends on too many considerations to allow it to be used as a test of the worth of property.' Among cases in point are *Whitney* v. *Thatcher*, 117 Mass. 523; *Woods* v. *Firemens Ins. Co.*, 126 Mass. 316; *Watson* v. *Milwaukee, &c. R. R. Co.*, 57 Wis. 332; *Minnesota Belt Line R. R. Co.* v. *Gluck*, 45 Minn, 463-4; *Louisville, &c. R. R. Co.* v. *Ryan*, 64 Miss. 399; *St. Joseph, &c. R. R. Co. v. Orr*, 8 Kan. 419." In the present case there was some other testimony as to the value of the property, but the circumstance that the verdict found for the plaintiff was $658, is suggestive of the fact that the jury were influenced by the testimony thus improperly admitted and the appellant is therefore entitled to a reversal of the judgment because of the error in the Court's ruling.

There was in our judgment no error in admitting the testimony of Miller which formed the subject of the fourth exception. He testified that he was familiar with the value of property in the vicinity of the house and lot involved in this case, that he was the president of a loan association which had

lent money on many houses in that neighborhood, that in March, 1902, he examined this house and lot with a view to making a loan thereon to the appellee and that he thought it was worth $1,800 to $2,000, and assured the appellee that the association would lend $1,200, or two-thirds of the value, on it.    The whole of this testimony was objected to by a general objection and was let in subject to exception.    As that portion of it which related to the value of the property was admissible the objection was properly overruled.    *Everett* v. *Neff*, 28 Md. 184; *Budd* v. *Brooke*, 3 Gill, 198, and cases cited in note to that case.

At the close of the case the Court rejected the plaintiff's prayers, which do not appear in the record, and in lieu thereof gave its own directions to the jury instructing them that if. they found from the evidence that the defendant acted in good faith in failing to perform the contract of sale, the plaintiff was entitled to recover only the amount of his deposit with interest and the expense if any incurred in the investigation of the title; but if they found that the defendant did not act in good faith then in addition to the amounts aforesaid the plaintiff could recover the excess, if any, of the market value of the property, at the time of the sale, over the contract price. There was no error in this instruction which was in accord with the rule as to the measure of damages in actions for breach of contract to convey real estate which was adopted. and approved by this Court in *Hartsock* v. *Mort*, 76 Md. 288–9.

The defendant offered nine prayers of which the first, second and fifth were granted and the others were rejected.    Of the rejected prayers the third, fourth, sixth and seventh related to the measure of damage and embodied in a different form the same propositions which were covered by the Court's own instructions to the jury.    The defendant therefore suffered no injury from the rejection of these prayers.    The defendant's eighth and ninth prayers ask the Court to take the case from the jury for the want of legally sufficient evidence to entitle the plaintiff to recover.    Those two prayers were properly re-

fused.   The uncontradicted evidence in the case shows that Horner authorized the making of the sale and assented to it when reported to him and then failed to perform it.. His own testimony establishes those facts,

There was no special exception to any of the prayers or instructions.   For the error in the rulings of the Court on the third and fifth exceptions, the judgment must be reversed and a new trial ordered.

*Judgment reversed with costs and case*
*remanded for a new trial.*