## BENEDICT J. BOSWELL

### *vs.*

## JOHN H. HOSTETTER.

*Written instruments: parol evidence; agreement for sale of
land; vague and indefinite.*

Parol evidence is inadmissible to contradict, add to, or vary
the terms of a written instrument.                          p. 56

Where a written contract authorizing a real estate agent to
sell the farm of the owner at a certain price had expired, by
its own limitations, it was: *Held,* not to have been revived by
a mere desultory conversation, in which no terms were fixed,
no price agreed upon, and no agreement made about commis-
sions.                                                     p. 58

*Decided June 22nd, 1916.*

Appeal from the Circuit Court for Washington County
(KEEDY, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE,
BURKE, PATTISON, URNER and STOCKBRIDGE, JJ.

*Frank G. Wagaman* (with whom were *J. O. Snyder* and
*A. J. Long* on the brief), for the appellant.

*Charles A. Little* (with whom was *J. A. Mason* on the
brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The plaintiff is a real estate agent, and on the 28th day of September, 1915, brought this suit against the defendant in the Circuit Court for Washington County to recover the sum of $310, for commissions alleged to be due him for the sale of the defendant's farm, containing 345 acres, located in Washington County.

The declaration contains the common counts in assumpsit and in addition a fifth count upon the contract which is as follows: And for that the defendant entered into a contract or agreement with the plaintiff whereby the defendant agreed to pay the plaintiff two per cent commission upon the value of the farm owned by the defendant if the plaintiff would produce a purchaser willing and able to purchase the farm of the defendant; and the plaintiff did produce a purchaser willing and able to purchase the farm of the defendant, but the defendant has wholly failed and refused to pay the two per cent commission as he had by the contract agreed to pay.

The record contains two exceptions, one to the ruling of the Court upon evidence and the second, to the granting of the defendant's prayer at the conclusion of the plaintiff's testimony withdrawing the case from the jury, and directing a verdict for the defendant, on the ground there was no evidence legally sufficient to entitle the plaintiff to recover.

The contract between the parties, was in writing, and as set out in the record, is as follows:

"September 23, 1913.

"I hereby constitute Benedict J. Boswell my sole agent, with the exclusive right to sell, for the period of twelve months, my property consisting of 345 acres of land, more or less, with all improvements thereon, and situated in Conococheague District, Washington Co., Md., for the sum of sixteen thousand ($16,000) dollars, or such less price as I may agree to accept.

"I agree to pay Benedict J. Boswell, said agent, two per cent. commission on the purchase price when sale of said premises is made thereof by him or by

self, or by any other person or persons for me during the existence of this authority, conferring upon him the sole agency, with exclusive right to sell; and said commission shall be paid to him by me from the first payment of the purchase money, and in case sale thereof is made for a price in excess of the price above named, then ½ of the excess shall be paid to said Boswell.

"Terms of sale to be as follows: $500 cash, balance on delivery of deed, or such other terms as may be mutually agreed upon between the purchaser and me.

"Witness my hand and seal.

"John H. Hostetter.    (Seal)"

It is admitted that the written contract between the plaintiff and defendant expired at the expiration of twelve months from the 23rd of September, 1913, and that no sale was made of the farm, until sometime in November, 1914, after the time mentioned in the contract.

But it is contended upon the part of the appellant, that the contract did not expire at the expiration of the twelve months from its date, as stated in the contract, because at the time of its execution, there was a verbal or parol agreement between the parties, that the plaintiff should have the right to claim commissions for the sale of the property even if it was sold after the expiration of the time mentioned in the contract. This was attempted to be shown by the plaintiff, by a conversation had between the plaintiff and defendant, at the place and at the very time when the contract was signed and executed, on the 23rd of September, 1913.

The ruling of the Court, upon a motion to strike out this testimony which had been admitted over the objection of the defendant, forms the basis of the first exception.

The testimony which had been admitted and which was subsequently stricken out by the Court upon the defendant's motion is as follows: "Q. Mr. Boswell, after that contract was signed did you have any conversation with Mr. Hostetter

about the time within which a purchaser was to be furnished?
('Objected to; objection overruled; exception reserved.) A.
Yes, sir; immediately after the signing of this contract I
said to Mr. Hostetter, this contract expires rather early in
the fall and Mr. Barnhart may not be able to sell his farm
in order to buy yours before the expiration of this contract;
now, it would be all right to make a sale of your farm a few
months after, would it not, and Mr. Hostetter said, 'How is
that,' and I repeated it, and in reply he said, 'Oh, yes, that
would be all right.' I said, 'Mr. Hostetter, now after this
contract expires, if Mr. Barnhart buys your farm I will get
my commission,' and he said, 'If you sell my farm to Mr.
Barnhart you shall have your commission.' (By the Court):
When was that? A. Immediately after the signing of this
contract in September, 1913."

Whereupon the counsel for the defendant moves the Court
to strike out the testimony of the plaintiff as set out in the
answer next preceding the question by the Court, which
motion the Court sustained and struck out said answer,
whereupon the counsel for the plaintiff excepted.

The general rule is well settled that parol evidence is in-
admissible to contradict, vary or add to the terms of a valid
written contract.

Mr. Greenleaf in his work on *Evidence,* Vol. 1, sec. 275,
thus states the established rule: When parties have delib-
erately put their engagements into writing, in such terms as
import a legal obligation, without any uncertainty as to the
object or extent of such engagement, it is conclusively pre-
sumed that the whole engagement of the parties, and the ex-
tent and manner of their undertaking was reduced to writing
and all oral testimony of a previous colloquium between the
parties or of conversation or declarations at the time when
it was completed or afterwards as it would tend in many in-
stances to substitute a new and different contract for the one
which was really agreed upon, to the prejudice, possibly of
one of the parties is rejected.

In *Bladen* v. *Wells,* 30 Md. 577, it is said: "It would be useless to cite the numerous instances in which our predecessors have enforced this doctrine and held that all oral negotiations or stipulations between the parties preceding or accompanying the execution of a written instrument are to be regarded as merged in it, and the latter treated as the exclusive medium of ascertaining the agreement by which the contracting parties bound themselves. *Lazear* v. *Nat. Union Bank,* 52 Md. 78; *Merritt* v. *Penin. Con. Co.,* 91 Md. 464; *Horner* v. *Beasley,* 105 Md. 193; *Phoenix Pad Mfg. Co.* v. *Roth,* 127 Md. 545.

It is clear, then, that evidence of conversations held between the parties, at the time of the execution and completion of the contract and not introduced into the contract, was not admissible to contradict or vary the terms of the contract itself, and the Court below committed no error in granting the defendant's motion to strike out the testimony which had been admitted and which is set out in the first exception.

The only other question material to be considered is, whether there is any sufficient evidence of a contract, subsequent to the contract in writing, between the parties as to the sale of the farm which would form a basis for a recovery in this case, and this arises upon the ruling of the Court in granting the defendant's prayer, withdrawing the case from the jury and directing a verdict for the defendant as set out in the second exception.

The plaintiff contends that on or about the middle of October, 1914, after the expiration of the term of the written contract he had the following conversation over the 'phone with the defendant as to the sale of the farm, and this conversation constitute such a contract as to entitle him to recover upon the common counts in an action of assumpsit.

The conversation upon which a contract is sought to be established is as follows: "Q. Mr. Boswell, did you have any conversation with Mr. Hostetter, the defendant, after September 23, 1914, with reference to the sale of his farm? A. I did. Q. How did it take place? A. It took place in

this manner: I learned that Mr. Hendershot wanted to buy a farm and that he had been informed of two farms that I had for sale, Mr. Barnhart's farm and Mr. Hostetter's farm. So on or about the middle of October, 1914, I tried several times to get Mr. Hostetter over the 'phone and finally succeeded in getting him, possibly on the third day, about noon; possibly between 12 and 2 o'clock as near as I recall, and I told Mr. Hostetter——. Q. Did you know it was Mr. Hostetter? A. I recognized his voice. I told Mr. Hostettter I had learned of a prospective buyer for Mr. Barnhart's farm and he might be a buyer for his farm in the event he didn't buy Mr. Barnhart's. Mr. Hostetter's reply was, "Well, you know your contract has expired." I told Mr. Hostetter, "but you still want to sell your farm," he said, "Well, yes, but it will have to be done soon, you know it is getting late." Those are the words he said as near as I can get them."

As the contract in writing constituting the plaintiff an agent for the sale of the defendant's farm had expired according to the understanding between the parties, it is difficult to see upon what ground the subsequent conversation relied upon could be held to be a binding contract, authorizing the plaintiff to sell or to procure a purchaser for the property in question. There were no terms fixed, no price agreed upon, and no agreement as to the amount of commissions that should be charged if the plaintiff procured a person who was willing, ready and able to purchase the property. The conversation was entirely too uncertain, vague and indefinite to constitute a contract upon which a recovery could be based.

There being no sufficient evidence in our opinion to warrant a jury in finding the facts necessary to entitle the plaintiff to recover, the defendant's prayer was properly granted and as this view disposes of the case, the judgment will be affirmed. *Riggs* v. *Turnbull,* 105 Md. 135; *Hollyday* v. *Southern Agency,* 100 Md. 296; *Coppage* v. *Howard,* 127 Md. 523.

*Judgment affirmed, with costs to the appellee.*