[Civ. No. 2029.  First Appellate District.—May 10, 1917.]

FRANK H. JOHNSON, Respondent, v. W. F. CORDES, Appellant.

VENDOR AND PURCHASER—DAMAGES FOR BREACH OF CONTRACT—MATERIAL ALTERATIONS AFTER EXECUTION—SUFFICIENCY OF EVIDENCE.— In an action to recover damages for the breach of an alleged contract for the sale of real estate, a finding that the defendant entered into the alleged contract, which was attached as an exhibit to the complaint, is unsupported, where it is shown that it was materially altered after its execution, without the defendant's knowledge or consent, by the insertion therein of the purchase price of the property in both letters and figures and the addition of a clause relating to the prorating of the taxes and insurance on the property.

Id.—Right to Attack Due Execution of Contract—Amendment of Answer at Trial—Discretion.—In such an action the failure of the defendant to attack the integrity or due execution of the contract in his original answer did not deprive him of the right to make such attack at the trial by amendment to his answer, as the matter of such amendment rested in the sound discretion of the trial court.

Id.—Alteration of Instrument—Trial of Issue—Procedure.—The time when proofs shall be presented upon an issue as to the validity or admissibility of a writing claimed to have been altered after its execution is a mere matter of procedure during the trial within the regulation of the trial court.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and an order denying a new trial. Adolphus E. Graupner, Judge.

The facts are stated in the opinion of the court.

C. W. Durbrow, and Frank B. Austin, for Appellant.

Grant H. Smith, for Respondent.

RICHARDS, J.—This is an appeal from a judgment in favor of plaintiff for the sum of two thousand dollars damages, and costs, in an action arising out of a contract for the sale of real estate.

The facts of the case are these: The plaintiff, Frank H. Johnson, had listed a certain piece of real estate known as "Highlands," situated in Marin County, California, with A. J. Rich & Co., a firm of real estate brokers in San Francisco, for sale. On April 6, 1912, the defendant, W. F. Cordes, met one A. C. Blumenthal, an employee of A. J. Rich & Co., at the real estate office of another broker at San Rafael, and there discussed the subject of the sale and purchase of the property. After certain representations had been made by Blumenthal, two printed blank forms of A. J. Rich & Co.'s combined receipt and agreement for the purchase of real estate were produced by the latter, which after being filled out to a certain—or rather uncertain—extent by him, were both signed by Blumenthal, acting for A. J. Rich & Co. One of these was then subscribed by the defendant Cordes and retained by Blumenthal. The other was not signed by Cordes but was delivered to him apparently as his receipt for the sum of $250

then paid by him on account of said purchase, and also as his memorandum of the agreement thus made. Within the course of a month after the execution of these papers the defendant Cordes repudiated his promised purchase of the premises and refused to proceed further with the matter, asserting that he had signed the agreement upon the understanding that the property could be sold at an advance, and that he had no use for the property. After some efforts to induce the defendant to take the property at the agreed figure of seventeen thousand dollars, the plaintiff sold the premises in January, 1913, for the sum of fifteen thousand dollars, and then instituted this action to recover in the form of damages the sum of two thousand dollars for the defendant's alleged breach of his contract.

To his complaint in said action the plaintiff attached as an exhibit the alleged contract upon which his cause of action was founded. In his answer as at first filed the defendant did not dispute the form or due execution of said contract as set forth in said exhibit, but relied upon certain alleged false representations on the part of Blumenthal to defeat the plaintiff's claim. When the cause came on for trial and the original contract itself was produced, and for the first time after the date of its execution exhibited to the defendant, he at once asserted that it had been changed after its execution by the making of certain erasures, interlineations, and additions which went to the essence of the contract itself and vitally affected its validity; and in support of this assertion the defendant asked and was granted leave of court to so amend his answer as to set up these matters by way of defense. This being done, the plaintiff offered his alleged contract in evidence, and the court admitted it over the objection of the defendant, which, while quite general in its terms, was evidently made in the light of and with direct reference to the subject matter of the amendment to his answer. After the admission of the paper in evidence the trial court heard the evidence offered by both parties touching the alleged alteration of the contract after its execution. The cause having been submitted, the court made its finding to the effect that on April 6, 1912, the defendant had entered into the agreement in writing as set forth in the plaintiff's complaint, but made no direct finding upon the issue as to the alleged alteration of the writing after its execution. The other findings of the court were

in plaintiff's favor, and judgment was thereon entered against the defendant for the sum of two thousand dollars, from which he now prosecutes this appeal.

The first contention of the appellant is that the finding of the trial court that the defendant entered into the written agreement set forth in the plaintiff's complaint is unsupported by the evidence in the case. From a careful reading of the record before us as well as from an inspection of the two original documents claimed by the plaintiff to have been made contemporaneously on April 16, 1916, we are constrained to uphold the appellant's contention in this regard. There were but two witnesses to the facts and circumstances attending the execution of the documents in question—the defendant and the witness Blumenthal. The defendant testified positively and unequivocally that the two papers were in substantially the same identical form at the time of their execution, and that the erasures made in the copy retained by Blumenthal, and the insertion therein of the purchase price of the property in both letters and figures, and also the addition of the clause relating to the prorating of the taxes and insurance upon the property, were made at some time after his signing said paper and without his knowledge or consent. On the other hand, the witness Blumenthal is, even in his direct examination upon the subject, most equivocal as to when the evident erasures and interlineations were made; while upon his cross-examination and in response to a direct and pointed inquiry he expressly stated that he could not say whether it was before or after the execution of the contract that these changes were made. The original paper produced before us upon the argument on this appeal supplies to our minds its own irresistible proof that the erasures and interlineations in this document were made at some time after the original writing was executed. What these erasures and insertions were appears by comparison with the substantial copy of the agreement delivered to the defendant; but chief among these in the point of vital importance to the validity of the original writing itself as an agreement for the sale of real estate was the insertion, in both letters and figures, of the purchase price of the property to be transferred. It has been held by this court that one of the essentials to an enforceable contract to sell real estate is that the writing shall expressly set forth the purchase price to be paid for the property. (*Baume* v. *Morse,* 13 Cal. App. 456,

[110 Pac. 350].)    It is also needless to say that the addition
to the original record of a clause to the effect that the taxes .
upon the property should be prorated would also constitute a
material alteration of its terms.

The respondent, however, insists that the appellant is not
entitled to take advantage of these alterations in his agreement
for two reasons: First, that in his original answer he did not
attack the integrity or due execution of the writing, a copy of
which was attached to the complaint served upon him, and that
his subsequent objection thereto made for the first time more
than a year and a half after he had been served with a copy of
such paper, in the form of his amended answer, comes too
late; and, second, that the defendant's objection and proofs
should have been specifically made and tendered at the time
the instrument was offered in evidence, and not at a later
time in the trial after the court had received the instrument
in evidence.

Neither of these objections is, in our opinion, well taken.
The matter of permitting the defendant to amend his pleading
so as to set up the defense referred to rested in the sound
discretion of the trial judge, which, being exercised in favor
of permitting the proposed amendment, is not the subject of
review upon this appeal.   When such amendment was made it
related back to the filing of the defendant's original answer,
and entitled him to all the advantages of its defense which he
would have had if the amended matter had been a part of his
original pleading.

As to the respondents's other insistence, that the defendant
should have specifically made and stood upon his objection to
the admissibility of the changed document in evidence, and
then and prior to its admission proffered his proofs as to its
alteration, there are two answers: The first of which is that
the defendant's objection to the admissibility of this document
made immediately after the amendment to his answer and
with direct reference to it, was, in our opinion, sufficiently
specific; and, second, that the time when the proofs shall be
presented upon an issue as to the validity or admissibility of a
writing claimed to have been altered after its execution is a
mere matter of procedure during the trial within the regula-
tion of the trial court.   The order in which the evidence is
presented is not ordinarily reviewable upon appeal where the

evidence itself is responsive to an issue and is admitted without objection.

The foregoing views with respect to the invalidity of the original contract for the sale of the real estate in question render unnecessary a discussion of the appellant's further contention as to the effect of the alleged misrepresentations of Blumenthal as a sufficient ground for the avoidance of the defendant's agreement for the purchase of said property, for these alleged misrepresentations are immaterial if the agreement itself was not of binding effect.

Judgment reversed.

Lennon, P. J., and Kerrigan, J., concurred.