DAVID J. MARKOFF *v.* MARY E. KREINER

[No. 33, April Term, 1941.]

152

 

*Decided December 4, 1941.*

 ██

The cause was argued before BOND, C. J., SLOAN, JOHNSON, DELAPLAINE, COLLINS, FORSYTHE, and MARBURY, JJ.

*Michael J. Manley,* with whom was *Sigmund Levin* on the brief, for the appellant.

*E. Paul Mason* for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

A suit for damages for breach of contract for the sale of real estate was instituted by Mary E. Kreiner, purchaser, against David J. Markoff, seller, and Mollie Herman, real estate agent, alleging (1) that the defendants made alterations in the contract without her authorization, and (2) that they refused to provide a mortgage loan for the balance of the purchase price as they had promised.

The plaintiff alleged in her amended declaration that on January 15, 1940, she agreed to purchase an apartment house on North Charles Street in Baltimore, subject to ground rent, for the sum of $5,200; that she made a part payment of $500 thereon and also incurred expenses for its improvement and furniture upon assurances of

the defendants that they would deliver a valid contract for its conveyance and provide a mortgage loan of $4,700, but that the defendants neither delivered a valid contract nor provided the loan. While the bill of particulars was sufficient to apprise the defendants of the nature of the expenses, the defendants had the right to inquire whether there was any writing promising to furnish a loan. The object of a bill of particulars is to restrict the plaintiff at the trial and afford the defendant such information as may enable him to frame his defense. *Owings v. Dayhoff*, 159 Md. 403, 151 A. 240.

At the close of the testimony, the plaintiff moved for a judgment of *non pros* as to Mrs. Herman, who had participated in the transaction as agent. Under a Maryland statute, the plaintiff in any action at law in this State has the right to dismiss the suit at any point in the trial of the case up to the time when argument begins on the facts. Code, Art. 75, Sec. 183. The plaintiff may submit to a voluntary judgment of *non pros* as to any defendant even after the court has granted a demurrer prayer offered by that defendant. *State, For Use of Shipley v. Lupton,* 163 Md. 180, 161 A. 393. The jury rendered a verdict in favor of the plaintiff against Markoff for the sum of $1,024.92.

The first question in this case is whether there was any legally sufficient evidence that the defendants failed to deliver a valid contract of sale. The plaintiff testified that when one of the signed copies was delivered to her after the time for settlement had expired, she discovered that the recited amount of her partial payment had been reduced from $500 to $300, and the balance raised from $4,700 to $4,900. Mrs. Herman claimed that the alterations were made at the bank with Mrs. Kreiner's acquiescence, but Mrs. Kreiner swore that the copies were not presented to her for her signature until that evening, when she noticed that it recited a payment of $500 and a balance of $4,700. It is a well established principle that any material alteration of a written instrument made after its execution by a party to it or with

his privity invalidates the instrument as to any non-consenting party. Any change of a recited amount, whereby it becomes a promise to pay a sum different from that originally expressed, is a material and vitiating alteration. The intent or motive with which an alteration of an instrument is made is immaterial as far as its effect upon the rights of the parties is concerned. A material alteration by one who is not a stranger to the instrument will invalidate it, even though innocently made. The law declares such an instrument void, not because the alteration itself amounts to fraud, but because a different holding would open the door to fraud. Public policy does not allow a person to secure a chance of perpetrating a fraud without assuming any risk of loss in the event it is discovered. *Burrows v. Klunk*, 70 Md. 451, 17 A. 378, 3 *L. R. A.* 576, 14 *Am. St. Rep.* 371; *Gray v. Williams*, 91 Vt. 111, 99 A. 735; *Citizens' National Bank of Baltimore v. Williams*, 174 Pa. 66, 34 A. 303, 35 *L. R. A.* 464; *Green v. Snead*, 101 Ala. 205, 13 So. 277, 46 *Am. St. Rep.* 119. Whether the alterations in the contract before us were made with the knowledge and consent of Mrs. Kreiner is a question for the consideration of the jury. The defendant's prayer for a directed verdict was properly refused.

The second question is whether the trial court should have allowed testimony showing that the defendants promised to furnish a loan for the balance of the purchase price. One of the most familiar rules of the common law is that parol evidence is inadmissible to vary or contradict the terms of a written instrument. *Warren Glass Works Co. v. Keystone Coal Co.*, 65 Md. 547, 5 A. 253; *Castleman v. Du Val*, 89 Md. 657, 43 A. 821; *Fowler v. Pendleton*, 121 Md. 297, 88 A. 124. The reason for this rule is that when contracting parties have discussed and agreed upon their obligations to each other and reduced them to writing, their written contract is more reliable as evidence than the uncertain memory of man. A different rule would increase the temptations to commit perjury and often render instruments of little value.

All prior and contemporaneous negotiations are merged in the written instrument, which is treated as the exclusive medium for ascertaining the extent of their obligations. Hence, in the absence of fraud, duress, or mistake, parol evidence of conversations before or at the time the contract was made must be excluded. *Delamater v. Chappell*, 48 Md. 244, 250; *Dance v. Dance,* 56 Md. 433, 438; *Blakistone v. German Bank of Baltimore City,* 87 Md. 302, 317, 39 A. 855, 858; *Bushnell v. Elkins,* 34 Wyo. 495, 245 P. 304, 51 *A. L. R.* 13.

It was argued that, under an exception to the parol evidence rule, the challenged testimony was admissible as a separate collateral agreement on which the written contract was silent. The doctrine of collateral agreement was explained by Chief Justice Fuller in the following words: 'Undoubtedly, the existence of a separate oral agreement as to any matter on which a written contract is silent, and which is not inconsistent with its terms, may be proven by parol, if, under the circumstances of the particular case, it may properly be inferred that the parties did not intend the written paper to be a complete and final statement of the whole of the transaction between them. But such an agreement must not only be collateral, but must relate to a subject distinct from that to which the written contract applies; that is, it must not be so closely connected with the principal transaction as to form part and parcel of it. And when the writing itself upon its face is couched in such terms as import a complete legal obligation, without any uncertainty as to the object or extent of the engagement, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, was reduced to writing." *Seitz v. Brewers' Refrigerating Machine Co.,* 141 U. S. 510, 12 S. Ct. 46, 47, 35 L. Ed. 837, 840. Accordingly the three fold test for determining whether a prior or contemporaneous oral agreement between the parties to a written contract is admissible as a collateral agreement is: (1) whether it is an independent collateral agreement separate and dis-

tinct from the main contract; (2) whether it is consistent with the provisions of the contract; and (3) whether it is such an agreement as the parties could not reasonably be expected to embody in the contract, but would naturally make as a separate agreement. *Bladen v. Wells,* 30 Md. 577, 583; *Basshor v. Forbes,* 36 Md. 154; *Williams v. Kent,* 67 Md. 350, 10 A. 228; *Roberts v. Bonaparte,* 73 Md. 191, 20 A. 918, 10 *L. R. A.* 689; *Stallings v. Gottschalk,* 77 Md. 429, 26 A. 524; *Merritt v. Peninsular Construction Co.,* 91 Md. 453, 464, 46 A. 1013, 1014; *Knabe v. Bowles,* 123 Md. 475, 91 A. 567; 20 *Am. Jur., Evidence,* sec. 1140; 1 *Restatement of Contracts,* sec. 240. The third question in this test, expressed in other words, is whether the intention of the parties was to include in their writing the subject of negotiation on which extrinsic evidence is offered. *Mitchill v. Lath,* 247 N. Y. 377, 160 N. E. 646, 68 *A. L. R.* 239; *Cohn v. Dunn,* 111 Conn. 342, 149 A. 851, 70 *A. L. R.* 740, 743; *Danielson v. Bank of Scandinavia,* 201 Wis. 392, 230 N. W. 83, 70 *A. L. R.* 746, 759, 761. For example, where a person sold a store property in Catonsville and at the same time promised verbally that he would not go into business in Catonsville, the Court of Appeals held that parol evidence of his promise was admissible as an incidental collateral fact about which the contract was silent. *Fusting v. Sullivan,* 41 Md. 162.

But it is equally clear that even though an agreement is really collateral, it cannot be enforced if it is inconsistent with the terms of the written contract. *Boswell v. Hostetter,* 129 Md. 53, 98 A. 222; 4 *Page on Contracts,* sec. 2194. The contract in this case stipulated that the balance of the purchase price was "to be paid in cash," and upon payment thereof 30 days from date the vendor would execute a deed for the property. This court recognizes the rule that a contract of sale is conclusive as to the time, mode, and terms of payment, and such provisions cannot be varied or contradicted by parol. *Penniman v. Winner,* 54 Md. 127, 133; 22 *C. J., Evidence,* sec. 1477. Moreover, the parol evidence rule should be

rigidly enforced when the contract is required by the Statute of Frauds to be in writing. *Lazear v. National Union Bank of Maryland,* 52 Md. 78, 120, 36 *Am. Rep.* 355. A contract within the Statute of Frauds cannot be partly in writing and partly in parol. Otherwise a way would be left open for the very mischiefs the Statute was intended to prevent. *Frank v. Miller,* 38 Md. 450, 461. A contention similar to that in the case at bar was made in Massachusetts, where a land owner sold a number of lots without prescribing the time when payment was to be made. The purchaser offered parol evidence of an agreement that 75 per cent of the purchase money was to be secured by mortgage. Although the memorandum of sale did not expressly require payment in cash, the Supreme Judicial Court of Massachusetts held that, since there was no provision for credit, the legal effect of the contract was to require cash payment on demand within a reasonable time. Chief Justice Shaw, delivering the opinion of the court, thereupon decided: "The parol evidence offered was inadmissible, both because it would vary and alter the written agreement, * * and because it was offered as proof of the terms of a contract for the sale of land, contrary to the statute of frauds." *Ryan v. Hall,* 13 Metc., Mass., 520, 523.

Of course, if a contract is silent as to the manner of payment, and the court is not certain as to the intention of the parties, extrinsic evidence may be admitted to remove the uncertainty. For instance, in *Paul v. Owings,* 32 Md. 402, where a property was subject to judgments of more than $5,000 held by the vendee, and the vendor "agreed to take" $5,000 for his interest, it was held by this court that, since the paper did not recite the manner of payment, parol evidence was admissible to show whether the amount was to be applied on the judgments. But in the present case there is no uncertainty or ambiguity in the language prescribing the mode of payment. It has been held that when a contract in writing provides that payment shall be made in money, parol evidence to show that the parties intended some manner of payment

other than that prescribed in the written instrument is inadmissible. *Richardson v. Hardwick,* 106 U. S., 252, 1 S. Ct. 213, 27 L. Ed. 145. It is obvious that a loan of more than 90 per cent of the selling price of a property is an integral part of the contract and a substantial element of the consideration. We hold that parol evidence contradicting the terms of the contract of sale was improperly admitted.

The trial court also admitted parol evidence of promises alleged to have been made after the parties executed their contract under seal. It is a familiar rule of the common law that if an executory contract is not under seal and not within the Statute of Frauds, the parties may orally rescind the contract, or modify any of its provisions so that a new contract rests partly in writing and partly in parol. *Hercules Powder Co. v. Harry T. Campbell Sons Co.,* 156 Md. 346, 362, 144 A. 510, 516, 62 *A. L. R.* 1497, 1506. But the contract in this case was required to be in writing by the fourth section of the Statute of Frauds. When a contract is required by the Statute of Frauds to be in writing, an agreement modifying its provisions cannot be proved by parol. *Abrams v. Eckenrode,* 136 Md. 244, 110 A. 468; 2 *Alexander's British Statutes, Coe's Edition,* 690, 720, 737. The defendant's fourth prayer was correct that there was no legally sufficient evidence to entitle the plaintiff to recover on account of the failure of Markoff to furnish a mortgage loan.

The question was also raised whether the plaintiff could recover the cost of furniture which she bought for the property. The measure of damages for a vendor's breach of contract for the sale of real estate is ordinarily the purchase money paid under the terms of the contract. *Horner v. Beasley,* 105 Md. 193, 65 A. 820. But where a purchaser has incurred expenses in good faith in making improvements to the property, he should be allowed to recover for those expenditures. *Haney v. Hatfield,* 241 Pa. 413, 88 A. 680; *Jones v. McGinley Land Co.,* 228 Mo. App., 944, 74 S. W. 2d 853. A party who has re-

ceived benefits under a contract made void by alterations should not be allowed to retain the benefits derived. He must rescind the contract and make reimbursement for whatever he has received before he can be fully discharged from the effect of the alteration. *Johnson v. Cordes,* 33 Cal. App., 619, 165 P. 1040; *Joplin-Erie Oil Co. v. Buckwalter,* 110 Kan. 756, 205 P. 343.

Exceptions 1 and 2 were taken to preliminary questions, which were immaterial.

Exceptions 3, 4 and 52 were taken to rulings of the court in admitting evidence relating to Mrs. Kreiner's bank account. While evidence of surrounding circumstances may be admitted to determine whether it was the intention of the parties to include a particular subject of negotiation in their written contract, the size of the purchaser's bank account is not material in this case because the contract of sale was clear and definite, and the alleged oral agreement was inconsistent with its terms.

Exceptions 6, 7, 8 and 9 raised objections to an estimate of the cost of painting. As this testimony was merely an estimate, and not an expense actually incurred, it should not have been introduced.

Exception 13 was taken to a receipt signed by Mrs. Herman as an allowance for repairs. There was no error in admitting this receipt.

Exception 14 was taken to a memorandum showing that Mrs. Kreiner had sold some old furniture from the house for the sum of six dollars. There could be no valid objection to this memoradum.

Exception 15 concerned the cost of upholstering. This was properly admitted.

Exceptions 16, 17, 18 and 19 related to the furniture which Mrs. Kreimer purchased for the house. This was properly admitted.

Exception 20 objected to a conversation alleged to have been held after the execution of the contract of sale. This testimony was erroneously admitted, as it attempted to modify a contract required by the Statute of Frauds to be in writing.

Exceptions 21, 25, 26, 27, 28, 29 and 35 dealt with the cost of painting and other expenses. This evidence was admissible.

Exception 22 was taken when Mrs. Kreiner was asked whether she was certain that the alterations in the contract were not made prior to February 17, 1940. This question was unobjectionable.

Exceptions 30, 31, 32, 33 and 34 dealt with the cost of window shades and other supplies. The evidence was admissible.

Exceptions 36, 37, 41, 42 and 43 raised objections to alleged promises to provide a mortgage. The evidence should have been refused.

Exceptions 44 and 45 were taken to the testimony of George L. Herman, divorced husband of the real estate agent. As his testimony was irrelevant, it should not have been admitted.

Exceptions 46, 47 and 48 objected to questions addressed to Markoff concerning his dealings with Mrs. Herman on other matters. These questions were irrelevant.

Exception 49 was taken to the testimony of Markoff concerning his dealings with Mrs. Herman in this case. This testimony was relevant for the purpose of throwing light on the question of the alleged alterations in the contract.

Exceptions 54 and 55 concerned the part Mrs. Herman played as agent for Markoff. There should be no objection to her testimony to explain her negotiations.

The defendant's fifth prayer claimed a variance between the amended declaration and the evidence with reference to the plan of financing. Such a prayer would be unnecessary if parol evidence were properly excluded.

The sixth prayer was properly refused because it made no mention of the issue of the alleged alterations in the contract.

The eighth prayer stated that even though Markoff may have orally agreed to take a mortgage on the property, the agreement was nevertheless unenforceable if

there was no writing to that effect. The court erred in refusing this prayer.

The ninth prayer contained a clause dealing with the alleged agreement to furnish a loan. However, the remaining part of the prayer correctly stated that the verdict should be for the defendant if the jury found that the amount of payment was changed from $500 to $300 with the consent of the parties, even though Mrs. Herman may have personally agreed to try to secure a mortgage and the plaintiff agreed to pay her a commission therefor.

The tenth prayer sought an instruction that the burden of proof was on the plaintiff to show that the defendant had agreed to obtain a mortgage on the property. Such a prayer would be unnecessary if parol evidence were properly excluded.

The eleventh, twelfth and thirteenth prayers contained clauses referring to the oral agreement to provide a loan. These clauses would be unnecessary if parol evidence were properly excluded.

On account of errors committed by the court below, we reverse the judgment in this case and award a new trial.

*Judgment reversed, and new trial awarded, with costs.*

FORSYTHE and MARBURY, JJ., dissenting.