KERMISCH AND KERMISCH, Indiv. AND T/A KERMISCH'S *v*. THE SAVINGS BANK OF BALTIMORE

[No. 19, September Term, 1972.]

*Decided October 23, 1972.*

The cause was argued before MURPHY, C. J., and BARNES, MCWILLIAMS, SINGLEY, SMITH and DIGGES, JJ.

*Irving Settleman* for appellants.

*Edward S. Digges, Jr.,* with whom were *Charles T. Albert* and *Joseph G. Finnerty, Jr.,* on the brief, for appellee.

SMITH, J., delivered the opinion of the Court.

This dispute involves interpretation of a clause in a deed made in 1967 when appellee, The Savings Bank of Baltimore (the Bank), acquired land for the construction of a branch bank at the corner of Liberty and Glenmichael Roads in Baltimore. The land was purchased from appellants, Albert Kermisch and Bessie T. Kermisch, "individually and co-partners trading as Kermisch's" (Kermisch). Reference is made in the deed to a parcel of 0.222 acres adjoining. The Bank claims an easement for parking on that land, which is disputed by Kermisch.

The Bank filed a bill in equity. It requested a decree requiring Kermisch to remove certain barricades, an injunction against interference with the Bank's use of the land, and damages for wrongful interference with its right of easement. The chancellor (MacDaniel, J.) decided in favor of the Bank. We shall do likewise.

The disputed paragraph in the deed is:

"THIS AGREEMENT FURTHER WITNESSETH: that in consideration as aforesaid Grantors and Grantee do hereby mutually covenant and agree for themselves, their respective heirs, successors and assigns that Grantee shall have the right of use of the area, hereinafter described, in common with others for the purpose of parking and with a route of access to and from the property it is acquiring herein, and Grantors shall execute such further agreements as may be required by Baltimore County or any other governmental agency having jurisdiction adding to the property Grantee is acquiring herein such off-street parking and loading

area and spaces as may be required by the said governmental authorities as a condition of issuing a permit to Grantee to erect a building on the property it is acquiring herein containing 4,000 square feet of retail trade floor area on each of two levels. It is understood and agreed that access from this parking lot to Glenmichael Road at a point where this lot adjoins said Glenmichael Road shall be kept open at all times and that a route of access to and from this lot and other property owned by Grantors shall be kept open at all times. Grantors agree to permit Grantee to pave any part of said area or to provide a durable and dustless surface and to make such other improvements, at its expense, to enable said area or part thereof to be used for off-street parking and loading in compliance with all governmental requirements. Grantors reserve the right, at their expense, to provide a comparable substitute parking area by recorded agreement on the property immediately adjoining to the east of the aforesaid parking area, at any time that Grantors so desire, and the governmental agencies having jurisdiction shall permit, and said substitute area shall contain improvements equal to those made by Grantee on the parking area herein described. The said parking area being described as follows:

"BEGINNING . . .

"Containing 0.222 acres of land more or less."

Kermisch argues that an easement was created only if the Bank "needed the area in obtaining a permit for purposes in the erection of a structure containing 4,000 square feet of retail floor area on each floor." It says the Bank "did not need the area of the easement to erect the structure . . . and therefore the easement, as granted, was terminated."

Maryland contract law is to the effect that where a con-

tract is plain as to its meaning, there is no room for construction and it must be presumed that the parties meant what they expressed. *Devereux v. Berger*, 253 Md. 264, 269, 252 A. 2d 469 (1969), and cases there cited. Moreover, under the parol evidence rule, in the absence of fraud, duress, or mistake (none of which exist in the present case), parol evidence of conversations or alleged conversations made before or at the time of the integration of the contract into writing must be excluded from evidence since, as it was put in *Markoff v. Kreiner*, 180 Md. 150, 154-55, 23 A. 2d 19 (1941), and repeated in *Foreman v. Melrod*, 257 Md. 435, 441, 263 A. 2d 559 (1970), a "different rule would increase the temptations to commit perjury and often render instruments of little value. All prior and contemporaneous negotiations are merged in the written instrument, which is treated as the exclusive medium for ascertaining the extent of their obligations."

It is plain to us that the instrument granted an easement to the Bank "in common with others for the purpose of parking" on the tract described. There was to be a route of access from that parcel to the land the Bank purchased. In the event "Baltimore County or any other governmental agency having jurisdiction" so required as a condition for building permits, then Kermisch was to execute an agreement "adding to the property [the Bank was] acquiring . . . such off-street parking and loading area and spaces as [might] be required by the said governmental authorities as a condition of issuing a permit to [the Bank] to erect a building on the property it [was] acquiring." Such building was specified as containing 4,000 square feet of retail floor area on each of two levels.

The Bank is entitled to use the area described for parking purposes. This includes the right to pave any part of the area at its expense.

The Bank recognizes that under the terms of the agreement Kermisch has "the right, at their expense, to provide a comparable substitute parking area by recorded agreement on the property immediately adjoining to the

east of the aforesaid parking area, at any time that [Kermisch] so desire[s], and the governmental agencies having jurisdiction shall permit, and said substitute area shall contain improvements equal to those made by [the Bank] on the parking area" here the subject of dispute.

Kermisch attempts to raise an issue that the chancellor erred in refusing to consider the question of comparability of another parking area. There is nothing in the record to show that the chancellor ever had before him the question of any comparable area. It goes without saying that our decision here is without prejudice to the right of Kermisch at some time in the future to offer a comparable area pursuant to the terms of the contract.

*Decree affirmed; appellants to pay the costs.*