# HARRIS *v.* WYE TREE EXPERTS, INC.

[No. 90, September Term, 1974.]

*Decided January 9, 1975.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and O'DONNELL, JJ.

*George J. Goldsborough, Jr.,* for appellant.

*Sidney S. Campen, Jr.,* for appellee.

ELDRIDGE, J., delivered the opinion of the Court.

This case involves a dispute over commissions allegedly

due from the appellee Wye Tree Experts, Inc., to its former employee, appellant William P. Harris, IV. The issue which we must decide is whether, under the language of the employment contract, Harris is entitled to commissions for sales he made in 1970, for which customers were sent bills in 1970, but on which the company did not receive payment from its customers until 1971.

Harris was first employed as a salesman by Wye Tree Experts on February 3, 1969. A written "sales employment contract" signed by both parties on that date provided that Harris would receive a commission based on his paid accounts. The term "paid accounts" referred to those sales by Harris on which the company had received payment from the customers.

Harris continued to work for Wye Tree Experts under contracts which were re-executed annually. The employment contract in force when this case arose had been signed on January 1, 1971. This contract, like the prior contracts, provided that Harris would receive a commission based on his paid accounts for each year. The contract also provided that, if Harris's employment were terminated, his commissions after termination would be based on his billed accounts to date of termination rather than his paid accounts. The term "billed accounts" referred to those sales by Harris for which the customer had been billed by Wye Tree Experts.

The relevant portion of the employment contract with regard to Harris's employment in a normal year is the following provision in the Sales Plan which was made a part of the 1971 contract and the prior contracts: "20% commission to be paid on the total of the salesman's paid accounts for the calendar year with consideration to overages and shortages on these accounts." The following provision, paragraph 14 of the 1971 employment contract, provides for Harris's compensation in case of termination of his employment.

> "14. Compensation after termination. After termination of the contract, provided employee has

not violated the terms and conditions of this contract, the employee will receive full commission on his billed accounts to date of termination of his employment as per Sales Plan attached. Any work sold and not billed will be forfeited by the Salesman to the company. Payment would be due on the date of the regular commission schedule."

Wye Tree Experts became dissatisfied with Harris's employment performance and terminated his employment on November 19, 1971. Following his discharge, Harris did not receive what he considered proper compensation under the contract. He filed suit in the Circuit Court for Talbot County seeking the commissions allegedly due him.

On March 15, 1974, the circuit court rendered its decision. It awarded to Harris the sum of $1,474.80, representing the unpaid commissions earned by appellant and billed in 1971. This award is not in issue in this case. The court declined to include in the award commissions on sales made by Harris in 1970, and billed in 1970, which had not been paid for by the customers until 1971. Harris had not received commissions on these sales in 1970. The court viewed paragraph 14 of the employment contract as requiring the payment of commissions to Harris only for accounts billed in 1971 and excluding payment of commissions for accounts billed in 1970 but not paid until 1971.

Believing that the circuit court had misunderstood his claim for the 1970 commissions, Harris filed a motion asking the court to revise its judgment or, in the alternative, to grant a partial new trial on the issue of the 1970 commissions. The court denied these motions on April 4, 1974. Harris then filed a notice of appeal to this Court.

As we have stated, the sole issue on appeal is whether Harris is entitled to commissions for accounts billed in 1970 but not paid until 1971, the year of termination of his employment. The circuit court construed paragraph 14 to require, after termination, only payment of commissions on sales made and billed in 1971 and to exclude the right to all other commissions. An examination of paragraph 14 and the

compensation provision of the Sales Plan demonstrate that this construction of the contract is unwarranted. Paragraph 14 provides that, upon termination, Harris "will receive full commission on his billed accounts . . . ." There is no mention of when the accounts must have been billed except that they must have been billed prior to the employee's "date of termination." Thus, the fact that the accounts on which Harris claims commissions were billed in 1970 does not affect his right to commissions under paragraph 14. Where, as in this case, a contract is plain and unambiguous, we must assume that the parties intended that which they clearly expressed. *Canaras v. Lift Truck Services, Inc.*, 272 Md. 337, 350, 322 A. 2d 866 (1974); *Smith v. Johns Eastern Co.*, 269 Md. 267, 277, 305 A. 2d 460 (1973); *Ruppert v. Cumberland Brewing Co.*, 269 Md. 56, 61, 304 A. 2d 240 (1973); *Kasten Constr. v. Rod Enterprises*, 268 Md. 318, 328, 301 A. 2d 12 (1973); *Little v. First Federated Life*, 267 Md. 1, 6, 296 A. 2d 372 (1972); *Kermisch v. Savings Bank*, 266 Md. 557, 559-560, 295 A. 2d 776 (1972).

There is additional language in the employment contract showing that the appellant is entitled to the disputed commissions. Paragraph 14 of the 1971 contract provides that "[a]ny work sold and not billed will be forfeited by the Salesman to the company." This provision, which the testimony revealed was intended to encourage departing salesmen to finish their paperwork before leaving, indicates that any forfeiture of commissions is limited to unbilled sales and does not include sales for which bills were sent the year before. Applicable here is the principle that a " 'reading [of a contract] which produces a forfeiture will not be favored.' " *Garfinkel v. Schwartzman*, 253 Md. 710, 720, 254 A. 2d 667 (1969); *City of Baltimore v. Industrial Electronics, Inc.*, 230 Md. 224, 229, 186 A. 2d 469 (1962).

The employment contract also provided that the commissions paid to Harris in 1970 were to be reduced by certain charges attributed to all of his 1970 sales and not just to those 1970 sales for which payment was received in that year. This provision strongly implies that both Harris and Wye Tree Experts anticipated that Harris would receive

his commissions for 1970 sales as payments were received from customers in 1971.

Finally we must observe that the construction of the contract urged by appellee, Wye Tree Experts, Inc., would be grossly unfair. Harris has earned the commissions for sales in 1970 and should not be deprived of them by a dubious construction of a contractual provision. The rule that contracts should receive a reasonable construction rather than one which produces an unreasonable result is applicable in this case. *Canaras v. Lift Truck Services, Inc., supra,* 272 Md. at 357; *Garfinkel v. Schwartzman, supra,* 253 Md. at 720; *Cadem v. Nanna,* 243 Md. 536, 544, 221 A. 2d 703 (1966); *City of Baltimore v. Industrial Electronics, Inc., supra,* 230 Md. at 229.

We hold, therefore, that appellant Harris is entitled to commissions on the sales made and billed in 1970 but paid in 1971.

> *Judgment of the Circuit Court for Talbot County reversed, and case remanded for proceedings not inconsistent with this opinion.*
>
> *Appellee to pay costs.*